[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Madolyn Parker, brought this action against Paul Slosberg as Executor of the Estate of Milton O. Slosberg of St. Petersburg, Florida, et al.
The defendants have moved to dismiss the action claiming the courts of Connecticut have no jurisdiction over the case because all the involved parties are residents of Florida. The plaintiff does not deny Florida residence, but she also claims a CT Page 2985 Connecticut residence. She claims that she was an employee of the decedent in Connecticut and that he promised to provide for her retirement in his will in gratitude for her some thirty-eight years of service to him. Slosberg died July 18, 1997. She claims he breached their agreement by not leaving her anything in his will.
She filed this lawsuit September 16, 1998 for breach of contract.
The plaintiff presented evidence at a hearing that she resides at 324 Thames Street, Groton, Connecticut, and has lived there since 1971. She worked as executive secretary for Slosberg in Groton since 1959.
She continued to work for him in various businesses in Groton and Waterford until his death in 1997.
The plaintiff is a Connecticut resident. She lives there more than six months of the year, owns property, is registered to vote in Connecticut, worked in this state for the decedent up until the time of his death and has never spent more than six months of any year in Florida.
The defendant next claims that Connecticut is a Forum Non-Conveniens for this action because none of the parties live in Connecticut and it would be inconvenient to require them to come to Connecticut.
The plaintiff, as a Connecticut resident, has the right to bring this action in this state.
The plaintiff next claims that Conn. Gen. Stat. § 52-59(b), the long arm statute, authorizes jurisdiction over a defendant who is a nonresident provided that the defendant (1) transacts any business in this state; or (2) owns, uses or possesses any real property in the state. The long arm statute authorizes jurisdiction over the executors of a foreign estate when the nonresident decedent would have been subject to the jurisdiction of Connecticut courts if he were still alive. There is no doubt that between 1959 and 1998 the plaintiff performed under her contract and that all the work was within this state. Furthermore, the decedent owned property in Connecticut which is now part of the estate or his trusts according to the assessor's cards for the Town of Ledyard. CT Page 2986
As to the defense of forum non-conveniens, it rests in the discretion of the trial court. Here, the plaintiff and her witnesses are residents of Connecticut. The plaintiff has lived here all her life. The court should respect the plaintiff's choice to the forum, absent any compelling reason to do otherwise.
Accordingly, the Motion to Dismiss is denied.
D. Michael Hurley, Judge Trial Referee